## S. W. KENNER v. CHARLES W. MCINTYRE, ETC.

**Sales—Execution of Note After Receipt of Goods—Plea of Fraud too Late.**

The plea of fraud in the sale of goods cannot be made available, where the note was executed after the goods had been received and opened, and after the purchaser had acquired a full knowledge of all the facts connected with the transaction and had received and accepted the goods.

**Libel and Slander—Pleadings—Answer—Counter-Claim—False Representation.**

Special damages in a case like this can be recovered only where the false representations are made maliciously and with intent to injure, and it must appear that actual injury was thereby done. It is not enough to charge that a creditor is induced to sue and attach by reason of false and malicious representations, it must be alleged that the attachment was discharged on the hearing of the case.

APPEAL FROM FLEMING CIRCUIT COURT.

October 21, 1871.

OPINION BY JUDGE LINDSAY:

The plea of want of consideration for the execution of the note sued on is bad. The answer shows upon its face that it was given for goods, wares, etc., sold and delivered.

The plea of fraud in the sale of such goods can not now be made available as the note was executed after the goods had been received and opened, and after appellant had acquired a full knowledge of all the facts connected with the sale and had received and accepted the goods.

The charge that appellant had sustained special damages by reason of false and fraudulent representations made by appellees to their creditors in Cincinnati is not good as a counter claim for these reasons. Special damages in cases like that can be recovered only where the false representations are made maliciously and with the intent to injure. Possibly it is sufficiently alleged that appellees did act maliciously and did intend by their representations to injure the credit of appellant as a business man, but it does not appear that they were actually injured thereby. They claim that by reason of such representations their creditors were induced to sue them and to attach their property, but

they do not allege that there were not good grounds for such attachments, nor that the same were not sustained when tried.

It is not enough to charge that a creditor is induced to sue and attach by reason of representations, which are alleged to be false and malicious, and then tacitly concede that in point of fact good grounds for the attachments existed, by failing to allege, upon trial, the orders were discharged.

Whilst it is a rule of practice that upon demurrer every material allegation in the pleading is to be taken as true, it is also true that the pleading is to be construed most strongly against the pleader.

If the attachments were discharged, that fact should have been stated in the answer. The failure to state it raises the presumption that they were sustained, and if such be the fact, the representations complained of, turned out to be true instead of false and fraudulent.

We regard the answer as amended as fatally defective.

Judgment affirmed.

*Anderson & Given, for appellant.*

*Andrews, for appellees.*